IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAY 15 2018

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:18MJ229 |
| ) | |
| LAUREN GREENE, ) | Hon. Theresa C. Buchanan |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sergeant Michael Blanchette, being duly sworn, depose and state the following:

1. I am a Federal Police Officer with the Security Protective Service ("SPS") of the Central Intelligence Agency ("Agency" or "CIA"), and have been so employed since October 26, 2006. I am currently assigned to the Headquarters installation of the CIA, located in Mclean, Virginia, where my duties include enforcing Federal laws and regulation and protecting Agency property and personnel.

2. This affidavit is being submitted in support of a criminal complaint charging LAUREN GREENE with criminal trespass at the CIA Headquarters in violation of Title 32 of the Code of Federal Regulations, Section 1903.7(a), which prohibits entering, or remaining on a CIA installation without proper authorization, as well as reentering or attempting to reenter a CIA installation after being instructed not to do so by an authorized person.

3. The facts and information contained in this affidavit are based upon my personal knowledge and observations during the course of this investigation, information conveyed to me by other individuals, including law enforcement officers, and my review of records, documents and other physical evidence obtained during the investigation.

4. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the government.

5. On Monday, May 14, 2018 at approximately 5:50 a.m., Officer Schoenecker was assigned to control access to the Visitor Center parking lot at CIA Headquarters in Langley, Virginia, in the Eastern District of Virginia. A taxi cab approached the gate, passed signage indicating that the area was a "Restricted U.S. Government Installation, Employees and Official Visitors Only," entered the visitors' lane, and was told to park on the left side in the parking spots. Officer Schoenecker believed she recognized the passenger in the taxi, later identified as the defendant, from a previous event on CIA property. The taxi then discharged the passenger at the Visitor's Center.

6. Officer Schoenecker asked me to check on the passenger from the taxi because she believed the individual was not authorized to be at CIA and had previously been warned not to come back to the CIA. I arrived at the Visitor's Center, approached the defendant and whether I could help her. At that point, the defendant made a number of statements, including that the government was trying to keep her from her son, her parents have custody of her son and they are mistreating him, and that she had a warrant for her arrest in Georgia. I asked her for her identification, and she handed me a New Jersey license identifying her as Lauren Greene. After running the license through a database and having Threat Management Unit (TMU) speak with her, I issued her a citation for entering a CIA installation without proper authorization, told her that CIA cannot help her, and warned her not to return to the CIA. The defendant was also advised that if she came back she could be arrested, and she acknowledged that she understood. The defendant subsequently boarded the 7:18 Washington D.C. Metropolitan Area Transit Authority (WMATA) bus outside the Visitor's Center and departed from the installation.

7. On May 14, 2018 at approximately 8:30 a.m., the defendant reentered the CIA installation by bus with her ripped-up citation in her hand, stating that she should not have left, she should have refused to accept the citation, she refused accept that CIA cannot help her, and she should follow Officer Schoenecker around. The Fairfax County Crisis Unit (FCCU) was called to the scene, conducted an interview, and attempted to convince the defendant to leave with them voluntarily. The defendant did not leave with the FCCU.

8. The defendant continued to refuse to leave the premises. I told her she had three options, leave and reach out to Fairfax County Crisis Unit, leave and wait until her court date from her initial ticket, or stay and be arrested and go to jail. The defendant refused to leave and said she wanted to be arrested so that she could talk to a judge. After almost an hour of attempting to persuade the defendant to leave, I placed the defendant under arrest for reentering an Agency installation after being instructed not to reenter by an authorized person and transported her to the Alexandria Detention Center pending further proceedings before a United States Magistrate Judge.

9. On one prior occasion, on March 1, 2017, the defendant trespassed at the CIA. The CIA SPS officer involved in this prior encounter issued a warning instructing the defendant not to return or to reenter onto the CIA Headquarters installation. The defendant was also told that she could be cited or arrested if she came back.

10. Based on the foregoing, I believe there is probable cause to believe that on or about May 14, 2018, in McLean, Virginia, within the Eastern District of Virginia, LAUREN GREEN, did enter onto a CIA installation without authorization, reenter or attempt to reenter onto a CIA installation after being instructed by an authorized person not to do so, and remained on a CIA installation without authorization in violation of 32 C.F.R. 1903.7(a).

Sergeant Michael Blanchette
Security Protective Service
Central Intelligence Agency

Sworn and subscribed to me
This 15th day of May, 2018

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Honorable Theresa Carroll Buchanan
United States Magistrate Judge

Alexandria, Virginia

4